FILED
2012 Jun-13  PM 03:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| SHAUNTESE C. SEAY, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 2:11-CV-0376-S |
| | ) | |
| NOLAND HEALTH SERVICES, | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION

Pending before the court are a motion for summary judgment by defendant Noland Health Services (doc. 11), a memorandum (doc. 12), and evidentiary submissions (doc. 13) in support thereof. Though the plaintiff has failed to respond, defendant also filed a reply brief (doc. 14).[1] Having considered the motion and all other pleadings filed to date, the court finds as follows:

## Factual Background

Plaintiff Shauntese C. Seay is an African-American female and a registered nurse ("RN") (Compl. ¶ 11). She became a Licensed Practical Nurse ("LPN") in 1994

---

[1] In accordance with the Summary Judgment Scheduling Order appended as Exhibit A to the Scheduling Order (doc. 10) entered by this court on May 16, 2011, plaintiff had been given fourteen days from the date of receipt of defendant's summary judgment motion to respond. Defendant's motion having been filed on May 7, 2012, plaintiff's response was due Monday, May 21, 2012, at the expiration of the fourteen-day period specified in the Order.

1

(Ex. B, doc. 13 (Seay Depo.) at 51:13–52:3), received her Associates Degree in Nursing ("ADN") from Lawson State Community College in May 2008 (*see id.* at 45:7–17), and passed her RN board exams in September 2008 (*see id*. at 26:1–3). Defendant Noland Health Services is an Alabama corporation operating full-service senior living facilities and long-term acute care hospitals across the state of Alabama (Compl. ¶ 7; Def. Br. (doc. 12) at 1). Plaintiff applied to defendant twice in 2009 for employment as an RN for positions for which she alleges she was qualified, but she was denied employment (Compl. ¶ 11; Def. Br. (doc. 12) at 4–6). Plaintiff alleges that within the relevant time frame, defendant hired ten white nurses whom plaintiff was as qualified as, and no African-American nurses (Compl. ¶ 12). Plaintiff alleges race discrimination based on defendant's refusal to hire her in violation of Tittle VII and 42 U.S.C. §§ 1981 & 1981(a) (Compl. ¶ 14, 22).

## **Standard of Review**

A moving party is entitled to summary judgment if there is no genuine issue of material fact, leaving final judgment to be decided as a matter of law. *See* Federal Rule of Civil Procedure 56; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587, 1355–56 (1986). The facts, and any reasonable inferences therefrom, are to be viewed in the light most favorable to the non-moving party, with any doubt resolved in the non-movant's favor. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144,

158 (1970). All "reasonable doubts" about the facts and all justifiable inferences are resolved in favor of the non-movant. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). However, all "doubts" need not be so resolved. *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987). Once met by the moving party, however, the burden shifts to the non-moving party to come forward with evidence to establish each element essential to that party's case sufficient to sustain a jury verdict. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1080 (11th Cir. 1990).

A party opposing a properly submitted motion for summary judgment may not rest upon mere allegations or denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial. *Eberhardt v. Waters*, 901 F.2d 1578, 1580 (11th Cir. 1990). In addition, the non-moving party's evidence on rebuttal must be significantly probative and not based on mere assertion or be merely colorable. *See* Rule 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986). Speculation does not create a genuine issue of fact. *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005). "'The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case . . . . A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury

to return a verdict in its favor.'" *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000) (quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995)). A factual dispute regarding a non-material issue will not preclude the defendant from succeeding on a motion for summary judgment. *Brown v. American Honda Motor Co.*, 939 F.2d 946, 953 (11th Cir. 1991).

Although the plaintiff has failed to file a response to the defendants' motion for summary judgment, no procedural tool for a default summary judgment exists under Fed. R. Civ. Pro. 56(e). The court must still find that summary judgment is appropriate from the pleadings and the evidence. However, "the language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). With these standards in mind, the court considers each of the plaintiff's claims.

## Legal Analysis

To establish a prima facie case of failure to hire due to racial discrimination, plaintiff must show (i) that she belongs to a racial minority; (ii) that she applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite her qualifications, she was rejected; and (iv) that, after this rejection, the

4

position remained open and the employer continued to seek applicants from persons of complainant's qualifications. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). To establish a prima facie case for failure to promote, plaintiff must show that "(1) she is a member of a protected class; (2) she was qualified and applied for the promotion; (3) she was rejected despite her qualifications; and (4) other equally or less qualified employees who were not members of the protected class were promoted." *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1089 (11th Cir. 2004).

Because plaintiff met the minimal educational and licensure requirement once she obtained her ADN degree and RN license, defendant has assumed for purposes of the pending motion, and the court accepts, that plaintiff can establish a prima facie case. See *Vessels v. Atlanta Indep. Sch. Sys.*, 408 F.3d 763, 768–769 (11th Cir. 2005) ("[A] Title VII plaintiff need only show that he or she satisfied an employer's objective qualifications" to demonstrate that she was "qualified" for the position to establish a prima facie case.). Thus, to rebut an employer's asserted legitimate non-discriminatory reason for failing to hire or promote, "plaintiff must show not merely that the defendant's employment decisions were mistaken but that they were in fact motivated by race." *Springer v. Convergys Customer Mgmt. Group Inc.*, 509 F.3d 1344, 1349 (11th Cir. 2007) (internal citation and quotation omitted). Plaintiff therefore needs to show that the superiority of her qualifications are "of such weight

and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question." *Cooper v. Southern Co.*, 390 F.3d 695, 732 (11th Cir. 2004); *see also Ash v. Tyson Foods, Inc.*, 546 U.S. 454 (2006) (per curiam) (approving of language from *Cooper*).

Plaintiff is not only mistaken in her assertion that defendant failed to hire other African-Americans as nurses, but also unable to rebut defendant's legitimate non-discriminatory justifications for failing to hire her. Further, and by her own admission, plaintiff is objectively less qualified than every single other individual applicant who was hired in her stead, and regardless cannot prove that defendant was even aware of her race when it made its hiring decisions.

According to the objective evidence, every single RN hired instead of plaintiff was facially more qualified that plaintiff was for the positions. As laid out comprehensively in Defendant's Brief (*see* doc. 12 at 7–13, 16–18), each and every selected RN had not only years (in some cases, multiple decades) of experience as an RN, but also at least two years of critical care experience as an RN, whereas plaintiff had only two to four months total experience working as an RN.[2] Each selected applicant also held at least one additional qualification that plaintiff did not (*see id.*

---

[2] The vast majority of plaintiff's nursing experience was as an LPN. *See* Seay depo. (doc. 12, Ex. B) at 64:19–23).

at 19–21), and many had previous work experience with defendant's decisionmakers (*see id.* at 21–22). These employees—including one who is an African-American male[3]—had an "inside track" unrelated to race because of their past relationships with the hiring decisionmakers. "It is not at all improper for an employer or a business contemplating a long-term association to prefer doing business with someone with whom they are familiar." *Brown v. American Honda Motor Co.*, 939 F.2d 946, 951 (11th Cir. 1991). Regardless of the existence of any personal relationship, plaintiff also admitted that each and every selected RN was more qualified than she was. *See* Def. Br. (doc 12) at 22–23.

In light of these admissions, plaintiff cannot meet the standard of showing that she was clearly more qualified than any comparator; indeed, after reviewing each selected RN's qualifications, plaintiff herself could not identify any nurse in whose place she should have been hired. *See* Seay depo. (Ex. B, doc. 13) at 189:20–190:4. Moreover, plaintiff can demonstrate neither that defendant's hiring decisions were motivated by race—one of the RNs hired over plaintiff was, in fact, black—nor that defendant was even aware of her race at the time it made its hiring decisions. Plaintiff concedes she did not provide her race on her applications (Ex. B, doc. 13 (Seay

---

[3] Defendant hired Cedric Johnson on January 26, 2009, as a PRN day-shift RN. *See* Shaw Decl. (Ex. A, doc. 12) at ¶ 47. Johnson is black. *See id.* at ¶ 48.

7

Depo.) at 123:23–124:16). Thus, the only way that defendant could have known plaintiff's race as an applicant was if it was assumed that she was black because the nurse who referred her for employment was black (*see id.* at 126:9–127:23). There is no evidence demonstrable from the pleadings to date that defendant had any awareness, either objective or subjective, of plaintiff's race at the time its hiring decisions were made.

## **Conclusion**

Having considered the foregoing and finding that plaintiff has failed to establish a genuine issue of material fact sufficient to allow this case to proceed to trial on either count, the court **ORDERS** that the defendant's motion for summary judgment (doc. 11) be **GRANTED**. The court shall so rule by separate order.

**DONE** and **ORDERED** this 13th day of June 2012.

INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE